UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JOSEPH E. HUNT,

                             **Plaintiff,**

           **v.**

**CITY OF AUBURN et al.,**

                             **Defendants.**

**5:13-cv-1039
(GLS/TWD)**

_____

**APPEARANCES:**                         **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Joseph E. Hunt
Pro Se
2958 Weller Road
Weedsport, NY 13166

**FOR THE DEFENDANTS:**
Towne, Ryan Law Firm        JOHN F. MOORE, ESQ.
450 New Karner Road        CLAUDIA A. RYAN, ESQ.
P.O. Box 15072
Albany, NY 12205

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Joseph E. Hunt[1] commenced this action against

---

[1] Initially, Hunt was represented by counsel. (*See generally* Compl.) On July 16, 2014, however, the court informed Hunt by letter that his attorney has been suspended indefinitely from the practice of law before this court, and directed him to advise the court, within fourteen

defendants City of Auburn, and John Does No. 1 through 5, pursuant to 42 U.S.C. § 1983, alleging violations of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights, along with multiple state constitutional and common law claims. (*See generally* Compl., Dkt. No. 1.) Pending is the City's motion to set aside default, (Dkt. No. 18), and Hunt's motion for default judgment, (Dkt. No. 10). For the reasons that follow, the City's motion is granted and Hunt's motion is denied as moot.

## II. Background

### A. Facts[2]

In August 2010, Hunt, a Type II diabetic, was driving through the City of Auburn on his motorcycle. (Compl. ¶¶ 4-5.) He began to feel ill, and immediately grew concerned that he was suffering from initial symptoms of a hypoglycemic episode, which can result in, among other things, seizures and convulsions. (*Id.*) In order to combat his symptoms and thwart a hypoglycemic episode, Hunt pulled into a Hess Mart convenience store and

---

days of receipt of the letter, whether he intended to obtain new counsel or represent himself. (Dkt. No. 20.) Hunt then requested a thirty-day extension, (Dkt. No. 21), which the court granted, (Dkt. No. 22). This issue has yet to be resolved. Accordingly, unless and until Hunt informs the court otherwise, the court will presume that Hunt intends to proceed *pro se*. The Clerk is directed to modify the docket accordingly.

[2] While the facts pertinent to the court's disposition of the pending motions are undisputed, brief factual background has been provided from allegations in the complaint. The recited allegations are just that, allegations.

purchased a chocolate bar.  (*Id.* ¶¶ 6-7.)  Hunt's efforts were too late,

however, and, after he exited the store, he "fell to the ground . . . and . . .

lost control of his bodily movement, jerking involuntarily and hitting his head

on the pavement."  (*Id.* ¶¶ 7-8.)

    After noticing Hunt's condition, a store employee dialed 911, and "a

group of City of Auburn Police Officers" responded to the scene,

unaccompanied by an ambulance.  (*Id.* ¶¶ 9-10, 13.)  Upon arriving, the

officers "flipped [Hunt] into a prone position and proceeded to handcuff"

him, and "deal[t] with [him] in a rough, adversarial and forceful manner."

(*Id.* ¶¶ 11, 13.)  Eventually, Hunt was taken by ambulance to Auburn

Memorial Hospital, where he was "diagnosed and treated for hypoglycemia

and other complications stemming from . . . the malfeasance of the

[d]efendant actors."  (*Id.* ¶ 14.)

## B.  <u>Procedural History</u>

    Hunt filed his complaint on August 23, 2013.  (*See generally* Compl.)

On December 5, 2013, Hunt filed proof of service, stating that a copy of the

summons and complaint was served, in person, upon the office of the City

Clerk of the City of Auburn on November 13, 2013.  (Dkt. No. 5.)  After the

City failed to file a responsive pleading, Magistrate Judge Thérèse Wiley

Dancks issued a text order, and directed Hunt to file a request for a Clerk's entry of default by February 7, 2014, or file a status report regarding any contact with the City and/or the City's counsel. (Dkt. No. 7.) Hunt sought entry of default pursuant to Local Rule 55.1 on February 11, 2014. (Dkt. No. 8.) Soon thereafter, the Clerk entered default. (Dkt. No. 9.) The pending motions were filed afterward. (Dkt. Nos. 10, 18.)

### III. <u>Standard of Review</u>

"The court may set aside an entry of default for good cause," Fed. R. Civ. P. 55(c), which requires the court's consideration of three factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the party for whom default was awarded; and (3) whether the moving party has presented a meritorious defense." *Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 33 (2d Cir. 2012). "This test should be applied in the context of the general preference 'that litigation disputes be resolved on the merits, not on default.'" *Citadel Mgmt. Inc. v. Telesis Trust, Inc.*, 123 F. Supp. 2d 133, 142 (S.D.N.Y. 2000) (quoting *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995)). Any doubts "must be resolved in favor of trial on the merits." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993).

## IV. **Discussion**

The City contends that the "good cause" standard of Rule 55(c) is met, and its default should be set aside for that reason. (Dkt. No. 18, Attach. 4 at 2-7.) Specifically, the City argues that: (1) its default was not willful because the City Clerk of the City of Auburn inadvertently neglected to forward the complaint to the corporation counsel's office; (2) Hunt will not suffer prejudice by setting aside the City's default other than a "slight delay"; and (3) it has a meritorious defense in that most of Hunt's claims may be barred by the applicable statute of limitations. (*Id.*) Hunt has not responded to the City's motion, and the court concludes that the City's default should be set aside.

First, beginning with willfulness, the factor that "carries the most weight," *De Curtis v. Ferrandina*, 529 F. App'x 85, 86 (2d Cir. 2013), the court is satisfied that the City did not willfully default. Indeed, the undisputed facts demonstrate that the City intended to defend itself here, as evidenced by the fact that, after a notice of claim was filed, the City appeared by counsel, served a New York General Municipal Law § 50-h notice of examination, and took Hunt's examination. (Dkt. No. 18, Attach. 1 at 11, 13-17.) Further, the City has demonstrated that the City Clerk failed

to forward the complaint to the corporation counsel, and, therefore, the City's insurance company was never informed of the lawsuit, and the corporation counsel did not have an opportunity to respond to the complaint. (Dkt. No. 18, Attach. 2 ¶¶ 4-5.) Thus, the City's default was due to law office failure, not willful conduct, and the first factor weighs in favor of the City.

Moving on to the second prong—prejudice—the court finds that Hunt will not suffer great prejudice as a result of setting aside the default. As the City points out, setting aside the default will only result in a delay of recovery, which alone is insufficient to establish prejudice. *See Enron*, 10 F.3d at 98 ("[D]elay standing alone does not establish prejudice."). Accordingly, the prejudice factor also weighs in favor of the City.

Finally, the court must consider whether the City has presented a meritorious defense. *See Peterson*, 467 F. App'x at 33. "In order to make a sufficient showing of a meritorious defense . . . , the defendant need not establish [its] defense conclusively, but [it] must present credible evidence of facts that would constitute a complete defense." *State Farm Mut. Auto. Ins. Co. v. Cohan*, 409 F. App'x 453, 456 (2d Cir. 2011). Conclusory details in support of a "meritorious defense" showing are insufficient. *See*

6

*Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 173 (2d Cir. 2001). "The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Id.* (internal quotation marks and citation omitted).

Here, among other defenses, the City has submitted evidence suggesting that it may be entitled to statute of limitations defenses. (Dkt. No. 18, Attach. 4 at 6-7.) Indeed, the longest statute of limitations that would apply to Hunt's claims would be the three-year statute of limitations applicable to claims brought pursuant to § 1983. *See Jackson v. Suffolk Cnty. Homicide Bureau*, 135 F.3d 254, 256 (2d Cir. 1998). Hunt's state law claims would be subject to even shorter statutes of limitations of one year or one year and ninety days. *See, e.g.*, N.Y. C.P.L.R. §§ 215, 217-a; N.Y. Gen. Mun. Law §§ 50-e, 50-i. The City has submitted evidence indicating that the claims may have arose on August 21, 2010. (Dkt. No. 18, Attach. 3 ¶ 1, at 8, 10-12.) The complaint, however, was not filed until August 23, 2013. (*See generally* Compl.) Thus, this factor also weighs in favor of setting aside entry of default.

Accordingly, the City's motion to set aside entry of default is granted.

In light thereof, the City shall file an appropriate responsive pleading or motion within fourteen (14) days of the date of this Memorandum-Decision and Order, and shall notify Judge Dancks in order to schedule further proceedings in accordance with this Memorandum-Decision and Order. Lastly, because the City's default has been set aside, Hunt's motion for entry of default judgment, (Dkt. No. 10), is denied as moot. *See United States v. Premises & Real Prop. with Bldgs., Appurtenances, & Improvements Located at 26 E. Park St., Albion, NY*, No. 07-CV-759S, 2008 WL 4596210, at *2 (W.D.N.Y. Oct. 14, 2008).

## V. **Conclusion**

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Clerk modify the docket to reflect that Hunt will proceed with this action *pro se*; and it is further

**ORDERED** that the City of Auburn's motion to set aside default (Dkt. No. 18) is **GRANTED**; and it is further

**ORDERED** that Hunt's motion for default judgment (Dkt. No. 10) is **DENIED** as moot; and it is further

**ORDERED** that the City of Auburn shall file an appropriate responsive pleading or motion within fourteen (14) days of this

Memorandum-Decision and Order; and it is further

**ORDERED** that the parties notify Magistrate Judge Therèse Wiley

Dancks in order to schedule further proceedings in accordance with this

Memorandum-Decision and Order; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-

Decision and Order to the parties.

**IT IS SO ORDERED.**

November 19, 2014
Albany,  New York

Gary L. Sharpe
Chief Judge,
U.S. District Court